Case number 251304, Michael A. Manzo et al. v. Samuel Wohlstadter et al. At this time, would counsel for the appellants please introduce themselves on the record to begin. Good afternoon, your honor. Philip Giordano representing the appellants. May it please the court. We are here to ask the court to reverse the decision of the district court with respect to its dismissal of the complaint in this action. The court dismissed the case with respect to a misapplication of the rule with respect to a forum selection clause. One of the things that is very clear as a matter of law, when a forum selection clause is examined, there is a two-part test. The first part is relatively straightforward, which is whether or not the forum selection clause is permissive or mandatory. That's not an issue in this case. But the next part of the test is critical, and that's where the lower court, where the district court, relying upon Huffington, did not conduct a clause-specific analysis. Huffington demonstrates what the purpose of a forum selection clause is, which the court did not even look to, which is, number one, it is intended to concentrate litigation in a single forum. The defendant litigates all actions in a place that is convenient to the defendant. You have one set of rules, you may have consolidation, you avoid inconsistent outcomes, and you may have a single precedent that controls all cases. The problem is, Huffington does not have a clause that is particular in this case. Huffington relies upon the language with respect to. With respect to is a clause that is embracing language. Embracing language is considered to be similar to a broadly encompassing clause for determination as to where the forum should be determined. Such phrases such as with respect to, with reference to, relating to, related to, or in connection with. The problem is, that's not the clause that is in this case. The language of the note, which is in this case, is arising out of this note. It is clear as a matter of law, that language is the narrowest that is considered for a forum selection clause. So by using an all-encompassing language, an all-encompassing test, the court made an error of law and made a determination that the case should be dismissed and should be sent to the Delaware Chancery Court, which quite frankly wouldn't even have jurisdiction in this case. Courts have uniformly suggested that when forum selection clauses have more, have narrower language, the narrower language has to be considered as to what the allegations are. What are the claims in the case? Now the claims- I sort of read the district court as looking at the arising out of language. Arising, you know, arising out of this note and then also- In connection with? And looking at what the proceeding means, which the forum selection clause defines very broadly as any and all suits and claims. And then looking to the complaint and saying, but for the note here, the claims in the complaint wouldn't have been brought to the forum selection clause applies. Well, but for any investment, there would never be a securities fraud claim. And the point is, this is at its core, as the allegations demonstrate, you have fraudulent activity and omissions of material fact that go back from 2012 all the way up until when the note is executed and contemporaneous, quite frankly, when the note is actually executed. What is the security in this case? The security is the convertible note. It's well established in the Securities Exchange Act of 34. Convertible notes are deemed to be a security. The promissory notes are the security that is the subject of the security claim in the complaint. Well, any securities fraud claim requires an offer or sale in connection with the purchase or sale of a security. So there is going to be an investment to even be able to bring, whether it's a 34 Act claim or a 410 claim under the Mass Uniform Securities Act. It does seem the promissory notes, i.e. the securities, are hardly a stranger or a nonessential item to a securities claim. But it is not the pre-contract activity is the core of this, not the note. The note itself, which is executed with the corporation, not with the individuals that are parties in this case, is where that investment is going. And when I look through your complaint to see what are the misrepresentations, your complaint prominently and repeatedly quotes along section from the notes to say this is the misrepresentation. The misrepresentation, which I think you're referring to, which is section 4 of the note, simply is a catch-all that says we are not party to any other contract. And this is looking prior to. It is those omissions that this can be a specific lie or misrepresentation. But the core of this is an omissions case. When you file a complaint and you say someone lied to me and misrepresented and committed fraud, and to add the specificity that you quote at length four times the promissory notes, then I'm puzzled as to how you would say that this action does not in any way arise out of or connect with or whatever the promissory notes, which are the securities, by the way, for the securities claim, which also in your complaint is cited as the basis for having personal jurisdiction over the defendant in Massachusetts. The securities are the convertible promissory notes. We don't dispute that. So the claim arises out of the securities. It does not arise out of the securities. It is the pre-contract activities in accordance with the Jacobson decision, which is clear together with the Consumer Protection Act. Fraud and deceit, which is a state claim that's also there, but the omissions of material fact that a reasonable investor, when there is a duty to make disclosure, is the core of what these 10b-5 claims would be. And those core claims— The omission from what? The omission to say material information that goes to whether or not a reasonable investor would purchase those securities. When you say omitted, I think omitted from blank. From disclosure. In where? When the security is being offered or sold. An omission, it is clear— The promissory note is being offered or sold. But the fraud is the prior activity, the pre-contract activity, which occurs by failing to say on a contemporaneous basis, we are bringing a litigation against K&L Gates saying that we are on the brink of financial collapse. That core material piece of information, any reasonable investor would want when making a determination whether to make that investment in the security. I agree with you, Your Honor, that the security is the convertible note. But the core of this is pre-contract activity of fraud that has started from 2012, is building to a point where there is confessions of judgment. PDL, the other company that is the investor, has tens of millions of dollars of obligation, which are now coming due and are maturing, to the point that the defendants have brought a litigation against their law firm that was negotiating with PA. And we laid this all out in great detail. It is an omissions case in its core. Yes, there are misrepresentations. Omissions to state material facts must include the duty to make that disclosure, and they clearly had that duty. But those omissions go in connection with the purchase or sale of the security. Core issue under a 34-Act claim in the Massachusetts Uniform Security System. Counsel, what is the relationship between misrepresentations that were made pre-contract and any misrepresentations that are set forth in the promissory note itself? Does the promissory note repeat some of the misrepresentations that you rely upon in your complaint? Are they unique to the promissory note? What's the relationship between the two? The core issue of what would be a repetition by misrepresentation is in the promissory note in Section 4. The 21 and the 22 essentially mirror each other. Section 4 does say that Wellstat, which is the corporation, is not a party to any other entity that is in default. So it's kind of a standard representation and warranty that would be in a securities purchase agreement. That is a lie because they were in default with PDL. They already were bringing an action against K&L Gates, and so that is a misrepresentation in the representation and warranties. We do rely upon that in our case. But the core is the pre-contract activity prior to the execution, which is where the company is on the brink of collapse, but they are omitting any of these things, and they sign papers that are filed against K&L Gates. So it sounds like pre-contract you're relying largely on omissions that should have been given to your clients in order to fairly evaluate this investment, but in the promissory note, rather than omissions, there were affirmative misrepresentations? So you have an affirmative misrepresentation that has reaffirmed the omissions that have occurred in the past. The omissions, however, that pre-contract fraud does not involve the interpretation, performance, or breach of the contract, which is with Wellstat. Well, suppose the promissory notes had fessed up, and they'd been accurate under the Securities Act, and they said we're in default, we've got this problem, here it is, and they spelled it out. Would your clients have gone forward with the transaction? It's a hypothetical. I would assume that they would not have because they were saying they were on the brink of financial collapse and ultimately filed bankruptcy in a very short time thereafter. But that's the core of what a fraud is. Whether it's a penny stock or it's any other type of investment in the securities world, the core is what is made as misrepresentations or omissions of material fact at the time and in connection with the security. And that is the transaction that those omissions, which we lay out in extraordinary detail, and those are the ones that the district court aired when it's saying arising out of is equivalent to arising out of or in connection with or using the Huffington case with respect to. Those Huffington with respect to or in connection with are broadly encompassing. It is clear as a matter of law arising out of is a narrowly construed form selection clause. The court that this case would go to doesn't even have jurisdiction for this case. There's no parties there. And just the final point, and I know I'm almost over my time. Massachusetts has a public policy of high protection of its investors. Whether it's the Robin Hood case where they have the fiduciary rule in the Commonwealth is much greater, and there are Massachusetts residents. These misrepresentations and omissions are under the Massachusetts Uniform Securities Act. Now, I'm not going to try to say the Delaware courts are incapable of litigating a Massachusetts securities claim, but the point is you are grafting a form selection clause upon non-parties. The defendants are not parties to these promissory notes. Those were discharged in bankruptcy. But the grafting a form selection clause on non-parties, we don't have alter egos, as we have in the Boone case that they cite. You are over your time. I appreciate it. Thank you.  Thank you, counsel. At this time, would counsel for the appellees please introduce himself on the record to begin? Good afternoon. Kaushik Bhattacharya for the appellees, Samuel and Nadine Wollstetter. I will just quickly start with the public policy piece that my colleague ended with. The Huffington case is squarely on point here that Delaware is completely capable of addressing Massachusetts securities cases or federal securities fraud cases. They don't lean on any other of the Bremen sort of factors of requiring a form selection clause to be unenforceable because of some grave inconvenience or some strange public policy issue. None of those issues are addressed here. They have a throwaway of the increased litigation cost. That's been rejected by the Supreme Court as a public policy consideration to deem a form selection clause unenforceable. When it comes back to the actual application of the form selection clause here, Huffington is on point. Carters of New Bedford is on point. This is a broad provision, and you're supposed to look at it in the context of the contract. And as the court noted, the term proceeding is very broadly defined. Any suit, claim, litigation, or grievance arising out of the note. As Huffington explains, it's a but-for analysis. But for the note, there is no investment, there is no alleged loss, there is no harm. Counsel, isn't it, there seems to be a lot of case law addressing the scope of arising out of it, and the cases explicitly reject the suggestion that arising out of is equivalent to a but-for clause. I mean, that seems to me you're ignoring an awful lot of case law if you suggest that arising out of permits a but-for analysis here. The case law just doesn't support that. Yes, I hear that, Your Honor. But the case law also doesn't have some strict hierarchy of, you know, with respect to is the broadest or in connection with is the second broadest. You have to look at it in the context of the actual contract. Well, if arising out of is so broad, why is it commonplace? And this is in some of the cases you cite, the phrase in connection with is added. There is not reliance on arising out of to establish the breadth that you're suggesting it has. If they want to obtain that breadth, they add phrases like in connection with or related to. Right, but even in Carter's, there's not a distinction between arising out of and in connection with, and the court is relying more on in connection with versus arising out of. And I think if you look at the clause here, the term proceeding really does broaden the scope. They cite to the Jacobson case for the proposition that, you know, arising out of is somehow the lowest standard. But in Jacobson, the form selection clause was to enforce the agreement. It has no application here. Here, arising out of any grievance, any claim, any litigation, certainly encompasses a broad base of claims related to this note. Without this note, even if arising out of, the court may question whether or not that requires the but-for analysis. But without this note, there is no securities fraud claim here that they can bring. There's no loss. And as Judge Coyota noted, if the representations were made differently in the actual note, maybe, you know, plaintiffs would have never signed off and invested the money. And so this notion that the pre-contract omissions versus contract misrepresentations can be separated, they just can't. It's all about the same issue of the financial health of Wellstat is what they're complaining about. They say we admitted that pre-contract and we misrepresented it in the contract. It all boils down to they made an investment. Unfortunately, it didn't work out. Now they're making a claim related to that investment. And the form selection clause of the note has to carry the day on that. Otherwise, and as counsel noted, form selection clauses are routinely placed in investment agreements, so litigation and disputes can be consolidated in one form and there isn't disparate treatment in courts across the country. Unless there's any other questions, you know, I think I'm done with that. Thank you. Thank you. Thank you, counsel. That concludes our argument in this case.